STATE OF MAINE                          SUPERIOR COURT
                                        CRIMINAL ACTION
SOMERSET, ss.                           DOCKET NO. CR-08-507

STATE OF MAINE

        v.                              ORDER

JUSTIN TAYLOR,                          DONALD L. GARBRECHT
                                        LAW LIBRARY

                                        APk    /  2009
        Defendant

Before the court is the defendant's motion to dismiss. The State has charged the

defendant with Operating Under the Influence. The defendant alleges that the

defendant was operating a motorized bicycle and as such is not a motor vehicle as

defined by Title 29-A. The parties stipulated to the admission of defendant's exhibits 1

and 2 which are photographs of the defendant's motorized bicycle.

Discussion

The operating under the influence statutes state that the defendant has to be

operating a motor vehicle to be convicted of the crime of Operating Under the

Influence. A motor vehicle is defined in Title 29-A M.R.S. § 1(42):

> "Motor vehicle" means a self-propelled vehicle not operated exclusively
> on tracks . . .

A vehicle is defined in section 1 (91) as follows:

> "Vehicle" means a device for conveyance of persons or property on a way.
> "Vehicle" does not include conveyances propelled or drawn by human
> power.

A bicycle is defined in section 1 (9) as follows:

> "Bicycle" means a device primarily propelled by human power . . .

A motorized bicycle or tricycle is defined in section 1 (41) as follows:

> "Motorized bicycle or tricycle" means a bicycle or tricycle that:

A.     May have pedals to permit human propulsion; and

B.     Has a motor attached to a wheel . . .

Although bicycles and motorized bicycles are defined in Title 29-A M.R.S., it does not resolve the pivotal issue in this case – are these items motor vehicles under Title 29-A.

A bicycle is clearly not a motor vehicle because under the definition of a vehicle, it explicitly states that a vehicle does not include conveyances propelled or drawn by human power. A bicycle does not meet the definition of a motor vehicle.

On the other hand, a motorized bicycle is not an instrument that comes under the above exclusion referring to bicycle because it is not propelled or drawn by human power only. Under certain circumstances, it may be driven by human power, but at other times it may be propelled by a motor.

A motorized bicycle may be used as a bicycle when propelled by human power and, therefore, explicitly excluded as a vehicle. On the other hand, it may be used with a motor attached to the wheels. In that case, it becomes a self-propelled vehicle and, therefore, meets the definition of a motor vehicle.

This court concludes that if the motorized bicycle were propelled by a motor, it is a motor vehicle. If it were propelled by human power, it is not a motor vehicle. Without knowing the facts concerning the operation of this motorized bicycle in this case, the court cannot as a matter of law state that it is not a motor vehicle. The motion to dismiss is hereby denied. If the facts of this case demonstrate that the motorized bicycle in question was being propelled by human power as opposed to being self-propelled by the motor, then the court has a different issue before it. On the record before the court, it cannot say as a matter of law that the aforementioned motorized bicycle is not a motor vehicle.

Dated: February  2009

Joseph M. Jabar
Justice, Superior Court


Attorney for State of Maine:

Brent Davis, Esq.
Somerset County Courthouse
Court St.
Skowhegan, ME 04976

Attorney for Defendant:

Paul Sumberg, Esq.
P.O. Box 9
Skowhegan, ME 04976

STATE OF MAINE                                      SUPERIOR COURT
    vs                                              SOMERSET, ss.
JUSTIN E TAYLOR                                      Docket No  SKOSC-CR-2008-00507
639 WATERVILLE HILL RD
NORRIDGEWOCK ME 04957                              **DOCKET RECORD**

DOB: 03/14/1989
Attorney: PAUL SUMBERG                  State's Attorney: JAMES MITCHELL
         WRIGHT & MILLS PA
         263 WATER STREET
         PO BOX 9
         SKOWHEGAN ME 04976-0009
         RETAINED 09/18/2008

## Charge(s)

**1    OPERATING UNDER THE INFLUENCE              09/13/2008 SKOWHEGAN**
**Seq 9878  29-A  2411(1-A)(A)          Class D**
**   CUMMINGS              / SKO**


## Docket Events:

12/08/2008 Charge(s): 1
          TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 12/08/2008 @ 18:00

          TRANSFERRED CASE: SENDING COURT CASEID SKODCCR200801386
          FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 09/16/2008

          Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 11/19/2008 @ 8:30

          NOTICE TO PARTIES/COUNSEL
          Charge(s): 1
          HEARING -  ARRAIGNMENT WAIVED ON 09/18/2008

          BAIL BOND - $500.00 UNSECURED BAIL BOND FILED ON 09/16/2008

          Bail Amt:  $500
          Date Bailed: 09/14/2008
          Charge(s): 1
          SUPPLEMENTAL FILING -  COMPLAINT FILED ON 10/16/2008

          Party(s):  JUSTIN E TAYLOR
          ATTORNEY -  RETAINED ENTERED ON 09/18/2008

          Attorney:  PAUL SUMBERG
          Charge(s): 1
          PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 09/18/2008

          TRIAL -  BENCH SCHEDULED FOR 01/14/2009 @ 1:00

          NOTICE TO PARTIES/COUNSEL
          TRIAL -  BENCH NOT HELD ON 12/05/2008

          TRIAL -  BENCH NOTICE SENT ON 10/31/2008

   TRIAL - BENCH JTR SENT ON 10/31/2008

12/08/2008 Charge(s): 1
   TRANSFER - TRANSFER FOR JURY TRIAL REQUESTED ON 12/05/2008

   Charge(s): 1
   FINDING - TRANSFER FOR JURY TRIAL TRANSFERRED ON 12/05/2008

   SKOSC
01/08/2009 TRIAL - DOCKET CALL SCHEDULED FOR 02/02/2009 @ 9:30

01/08/2009 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 12/30/2008

01/08/2009 HEARING - MOTION TO DISMISS SCHEDULED FOR 02/04/2009 @ 8:30

   NOTICE TO PARTIES/COUNSEL
02/02/2009 TRIAL - DOCKET CALL HELD ON 02/02/2009
   JOSEPH M JABAR , JUSTICE
   Defendant Present in Court

   ER TAPE 296
02/10/2009 HEARING - MOTION TO DISMISS HELD ON 02/04/2009
   JOSEPH M JABAR , JUSTICE
   Defendant Present in Court
02/10/2009 MOTION - MOTION TO DISMISS DENIED ON 02/10/2009
   JOSEPH M JABAR , JUSTICE
   COPY TO PARTIES/COUNSEL
02/10/2009 ORDER - COURT ORDER FILED ON 02/10/2009
   JOSEPH M JABAR , JUSTICE
   RE: DEFENDANT'S MOTION TO DISMISS. CC: DA AND ATTY SUMBERG

A TRUE COPY
ATTEST:  _____
     Clerk